UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-22596-JEM
**CONSENT CASE**

IVAN CARBAJAL, JOSE DeJESUS,
LISANDRO GARZON, YASMANI
GONZALEZ, ROBERTO JIMENEZ,
FREDDY LANUZA, RICKIE ALLAN LETT,
YASMANY TRASANCOS, JUAN
CARLOS MELENDEZ, ALFREDO PEREZ,
HECTOR REYES, CARLOS RODRIGUEZ,
GEOVANNY RODRIGUEZ, MAURICIO
SEQUEIRA and ALEJANDRO TAMAYO and
OSMAN HERCULES,

    Plaintiff,
v.

CENTRAL FUMIGATION DEPARTMENT, INC.,
a Florida Profit Corporation; ROBERTO RIVERA,
individually, and JOSE RIVERA-LUGO, individually,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR STATUS
CONFERENCE, MOTION FOR EXTENSION OF TIME,
AND MOTION TO RE-OPEN DISCOVERY**

Defendants, CENTRAL FUMIGATION DEPARTMENT, INC. and ROBERTO RIVERA by and through the undersigned counsel, hereby file and serve the above-referenced Response and state as follows:

1. While Defendants have no reason to doubt the sincerity of counsel's reasons for some delays in this case, this does not explain why Plaintiffs could not have identified their expert witness before July 2018. Further, no depositions were taken in this matter before Plaintiffs were deposed in June 2018, shortly before the close of discovery.

Defendants took thirteen (13) depositions over four days on June 19, June 20, June 25 and June 29, 2018.  Plaintiffs took the depositions of Defendants and Defendants' office manager, Alma Aguilar, on June 26, 2018.  No mention was ever made about an expert witness during those depositions, even when Plaintiffs were asked about their damages during their depositions. No expert disclosures of any kind were provided to Defendants before July 2018.

2. The only reason for additional discovery in this matter would be to conduct expert discovery.  However, Plaintiffs' expert should not be allowed to testify (nor is one needed) for the reasons discussed in Defendants' motion to exclude Plaintiffs' expert witness.

3. Plaintiffs had not sought to take any depositions before June 21, 2018, even though this case was filed about a year earlier on July 12, 2017.  Plaintiffs propounded written discovery requests on Defendants on October 27, 2017.  Defendants propounded written discovery requests on Plaintiffs on May 7, 2018 and May 8, 2018.  None of these discovery requests or responses revealed the existence of an expert witness.

4. The original discovery deadline in this case was June 22, 2018.  Since no depositions had been taken or even sought by either side until May 2018, the undersigned scheduled numerous depositions that commenced in June 2018 in a short timeframe.  On June 18, 2018 Plaintiffs filed a motion to extend discovery solely for the purpose of re-scheduling the deposition of Plaintiff, Rickie Allan Lett.  The Court granted that motion.  No mention was ever made about any expert testimony; nor did Plaintiffs disclose their expert at that time.

5. Plaintiffs claim that Defendants' failure to provide Rule 26 disclosures somehow justifies additional discovery.  Defendants served those disclosures today and

there were no surprises. Defendants listed the documents they produced months ago as pertinent documents that may be used as evidence and witnesses who have already been deposed by Plaintiffs in the disclosures.

6. Plaintiffs claim that it was crucial for the depositions of Defendants' witnesses to take place before an expert disclosure could be made. Plaintiffs claim that the testimony of Alma Aguilar, Defendants' office manager, was "essential" to their expert's review of documents. This does not explain why Plaintiffs could not have at least disclosed the existence of an expert months before July 2018. Further, the expert's report does not reflect why Aguilar's testimony was crucial to the preparation of the expert's report. Plaintiffs' claim that the testimony of Aguilar was a crucial component of their expert's report is a pretext for Plaintiffs' failure to disclose their expert until July 2018.

7. Defendants oppose any further extension of the discovery deadline.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
 (305) 375-9510
 (305) 375-9511(facsimile)
costalesgary@hotmail.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on August 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

## SERVICE LIST

*IVAN CARBAJAL ET AL V. CENTRAL FUMIGATION DEPARTMENT, INC. ET AL*
*CASE NO.:16-24684-DPG*
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Domingo C. Rodriguez, Esq. | Gary A. Costales, Esq. |
| E-mail: domingo@rlomiami.com | Email: costalesgary@hotmail.com |
| | |
| Rodriguez Law Office, LLC | Gary A. Costales, P.A. |
| 2121 Ponce De Leon Blvd., Suite 430 | 1200 Brickell Ave. Suite 1440 |
| Telephone: 305-774-1477 | Miami, Florida 33131 |
| Facsimile: 305-774-1075 | Telephone: (305) 375-9510 Ext. 314 |
| Attorney for Plaintiffs | Facsimile: (305) 375-9511 |
| Notice of Electronic Filing | Attorney for Defendants |
| | Notice of Electronic Filing |