UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 17-cv-22596-AOR
(Consent Case)

IVAN CARBAJAL, et al.,

    Plaintiffs,

vs.

CENTRAL FUMIGATION DEPARTMENT, INC.,
et al.,

    Defendants.

_____/

## JOINT PRETRIAL STIPULATION

The Parties, by and through their undersigned counsel, pursuant to the Court's Order on Status Conference [DE.26], and Local Rule 16.1.e. of the Southern District of Florida, hereby file their Joint Pretrial Stipulation.

### Short and Concise Statement of the Case

**PLAINTIFF**

1. The Defendant, Central Fumigation Department, Inc., is in the termite fumigation business, including tenting buildings for extermination of termites. Central Fumigation Department, Inc. (hereinafter "Central") is owned by Defendant, Roberto Rivera. (The Parties have stipulated to the dismissal of Co-Defendant, Jose Rivera-Lugo DE.45.) The Plaintiffs, Jose DeJesus, Lisandro Garzon, Yasmani Gonzalez, Roberto Jimenez, Freddy

Lanuza, Ricky Allen Lett, Yasmany Trasancos, Juan Carlos Melendez, Alfredo Perez, Geovany Rodriguez, Mauricio Sequeira, Alejandro Tamayo, and Osman Hercules, were employed by Central as workers involved in the tenting and fumigation of buildings for the purpose of exterminating termites.  The Plaintiffs' duties included transporting tenting equipment to various locations, erecting the tents and securing the building, and discharging fumigation chemicals into the tented structure.  Plaintiffs' duties also including taking down tents, assuring the buildings are safe for entry by their owners and occupants, maintaining tenting equipment, preparing trucks and equipment for tenting.  Plaintiffs regularly worked more than 40 hours per week.  Plaintiffs' duties rendered them non-exempt employees under the Fair Labor Standards Act, entitling them to overtime pay at the rate of one and half times their regularly hourly rate.   Defendant Central regularly failed to pay the Plaintiffs overtime pay, or underpaid their overtime pay.  Thus, Plaintiff's claim that Defendants own them their unpaid, or underpaid, overtime, liquidated damages, plus attorney's fee pursuant to the Fair Labor Standards act.

**DEFENDANT**

Central Fumigation is a fumigation company that specializes in the tenting of commercial buildings for fumigation.  Central Fumigation's customers do not proactively tent their respective properties (in fact there are limitations to such a practice) but wait until there is insect activity to retain Central Fumigation's services.  Insect activity decreases during cooler months.  Therefore, the slow season is from October through February.  Central Fumigation typically lays off employees during these months and then re-hires them

during the busier months.  Central Fumigation is also closed during all of the major holidays.

Plaintiffs met at Central Fumigation's yard each workday, got into Central Fumigation's trucks, and went to each worksite.  At the end of the day each employee would get back into Central Fumigation's trucks and return to the yard.  Central Fumigation has GPS records showing when its trucks left the yard each day and when it returned.  Plaintiffs also had a lot of down time during the workday.  Some of it was due to state requirements for fumigation.  For instance, essentially no work was done while each worker had to wait about an hour for the fumigation to dissipate from each house that was tented after the tent was taken down.

Several Plaintiffs were exempt employees because they were paid a salary, supervised work and could recommend people for hiring or firing.  Others were exempt because they were "shooters."  "Shooters" are those employees who are responsible for shooting the gas into the building.  They are specially trained in accordance with state requirements and supervise efforts to meet all safety requirements.  Those workers are Jose De Jesus, Lisandro Garzon, Juan Carlos Melendez, Mauricio Sequiera, Alejandro Tamayo and Osman Hercules.

### Basis of Federal Jurisdiction

2. Jurisdiction is vested in this court because all acts and omissions giving rise to this cause occurred in the Southern District of Florida; and subject matter jurisdiction is conferred on this court by the Fair Labor Standards Act, 29 U.S.C. section 216(b).

**The Pleadings Raising the Issues**

3. Plaintiffs' Amended Complaint [DE.32]

4. Defendants' Answer and Affirmative Defenses [DE.44]

**List of all Undisposed Motions or Other Matters Requiring Action by the Court**

5. None as of the filing of this Stipulation.

**Concise Statement of Uncontested Facts**

6. The Plaintiffs, Jose DeJesus, Lisandro Garzon, Yasmani Gonzalez, Roberto Jimenez, Freddy Lanuza, Ricky Allen Lett, Yasmany Trasancos, Juan Carlos Melendez, Alfredo Perez, Geovany Rodriguez, Mauricio Sequeira, Alejandro Tamayo, and Osman Hercules, were employed by Central as workers involved in the tenting and fumigation of buildings for the purpose of exterminating termites.

7. Plaintiffs employers were Defendants, Central and Roberto Rivera.

**Statement of Issues of Fact that Remain to be Litigated**

8. Whether Plaintiffs, or any of them, worked more than 40 hours per week.

9. If so, the number of hours that Plaintiffs worked.

10. Whether some of the Plaintiffs are exempt.

11. Whether Plaintiffs were paid overtime hours at the rate of 1½ times their regular hourly wage.

12. Whether Plaintiffs, or any of them were exempt employees as defined by the Fair Labor Standards Act.

13. Whether Defendants violated the Fair Labor Standards Act, and whether that violation was willful.

14. What is the amount of damages, if any, that is due to the Plaintiffs.

**Concise Statement of Issues of Law to Which there is Agreement**

15. The court has subject matter and personal jurisdiction over the Defendants in this matter.

16. Venue is proper in this court.

**Concise Statement of Issues of Law which Remain for Determination by the Court**

17. Whether the two or three year look-back period, or statute of limitations should be applied to this case.

18. Whether Plaintiffs are entitled to liquidated damages, should Plaintiffs prevail.

19. Whether Plaintiffs are entitled to fees and costs, if they prevail in their claims against Defendants.  (The Parties agree to address the issue of fees and costs upon post-trial motions.)

**Plaintiffs' Witnesses**

20. Attached as Exhibit A.

**Defendants' Witnesses**

21. Attached as Exhibit B.

**Plaintiffs' Exhibits**

    22. Attached as Exhibit C.

**Defendants' Exhibits**

    23. Attached as Exhibit D.

*/s/ Gary A. Costales*
Gary A. Costales, Esq.   Date:  November 9, 2018
(F.B.N.: 0948829)
costalesgary@hotmail.com
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
Tel: (305) 375-9510 ~ Fax: (305) 375-9511
*Counsel for Defendants, CENTRAL FUMIGATION DEPARTMENT, INC.,*
*ROBERTO RIVERA and JOSE RIVERA LUGO.*

*/s/ Domingo C. Rodriguez*
Domingo C. Rodriguez, Esq. (F.B.N. 394645)   Date:  November 9, 2018
domingo@rlomiami.com
**Rodriguez Law Office, LLC**
95 Merrick Way, Suite 720
Miami, Florida 33134
Tel: (305)774-1477~Fax: (305)774-1075
*Counsel for Plaintiffs*